IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------- : | |
| RICHARD F. BILSKI                           : | CASE NO.  1:06 CV 1991 |
|                                                             : | |
| Plaintiff    : | |
|                                                             : | |
| -vs-                                   : | <u>ORDER ADOPTING REPORT AND</u> |
|                                                             : | <u>RECOMMENDATION AND FURTHER</u> |
| JOHN E. POTTER, POSTMASTER   : | <u>GRANTING THE DEFENDANT'S</u> |
| GENERAL, et al.,                          : | <u>MOTION TO DISMISS FOR LACK OF</u> |
| Defendants  : | <u>SUBJECT MATTER JURISDICTION</u> |
| ------------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Plaintiff Richard Bilski ("Mr. Bilski") brought this action against his employer John E. Potter, Postmaster General United States ("Postmaster"), the Office of the United States Attorney General, and six individual defendants, each of whom either supervised or worked with the plaintiff at the Westlake Branch Post Office.  (Docket 1).  Defendant Postmaster filed a Notice of Substitution (Docket 11) and Motioned to Dismiss the matter, pursuant to Fed. R. Civ. P. 12(b)(1), for failure to exhaust administrative remedies and, alternatively, for lack of subject matter jurisdiction and for insufficiency of service of process. (Docket 12).  Mr. Bilski filed a response in opposition to both the Notice of Substitution and the Motion to Dismiss, to which the Postmaster replied. (Dockets 13, 14)

  In its Notice of Substitution the Postmaster presented a Certification executed by the United States Attorney placing the United States in the position as the sole defendant for the individual defendants who were acting as federal employees within

the scope of their employment when the alleged acts of tortious conduct occurred. Pursuant to this Notice of Substitution Mr. Bilski's sole remedy against the United States in his claim of defamation, slander, libel and interference with contract, is provided by the Federal Tort Claims Act (FTCA), 29 U.S.C. § 2679(b).

Magistrate Judge David S. Perelman reviewed the filings and the law in this matter and issued his Report and Recommended Decision (R&R) pursuant to this Court's Order of referral. (Dockets 15, 16).[1] In his R&R, Magistrate Judge Perelman recommends the Court allow the Postmaster's Notice of Substitution and grant the Postmaster's Motion to Dismiss on the basis of Mr. Bilski's failure to exhaust his administrative remedies as required by the FTCA, 28 U.S.C. § 2675(a).

No party has objected to the Magistrate Judge's R&R. Therefore, it must be assumed the parties are satisfied with the Report's conclusion. Accordingly, the Magistrate Judge's R&R is adopted granting the United States Attorney's Certification and granting the Postmaster's Motion to Dismiss for failure to exhaust administrative remedies.

While not directly considered by the Magistrate Judge's R&R, this Court will address, and grant, the Postmaster's alternative argument for dismissal on the merits.[2] The Postmaster asserts the Court lacks subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), to entertain Mr. Bilski's common law tort claims of defamation, slander,

---

[1] On 25 January 2007 the R&R was amended for a clerical error which has no bearing on the ten-day time limit for filing objections. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). (Docket 17).

[2] The Magistrate Judge does remark in a note, "If called upon to do so, the Court would also find that both of the defendant's alternative arguments for dismissal are well taken." (Docket 17, n. 4).

libel and interference with contract rights.  The Postmaster maintains the very common law torts for which Mr. Bilski seeks remedy are specifically excluded from the FTCA under section 2680(h).  As the conduct alleged by Mr. Bilski falls within the FTCA statutory exception, the Court lacks subject matter jurisdiction.  <u>See</u> <u>Siegert v. Gilley</u>, 500 U.S. 226, 233-34 (1991) (noting that defamation based claims may not proceed against the United States pursuant to the FTCA, 28 U.S.C. § 2680(h)); <u>Henson v. Nat'l Aeronautics and Space Admin.</u>, 14 F. 3d 1143, 1147-48 (6th Cir. 1994) (same).  Mr. Bilski fails to address the Postmaster's argument in his Memorandum in Opposition.

In the instant case, the United States has been substituted as the defendant for the individually named federal defendants.  As the United States is immune from the tort claims leveled by Mr. Bilski this Court lacks subject matter jurisdiction over his claims.

Accordingly, this matter is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  The Magistrate Judge's R&R is adopted and, further, the Postmaster's alternative Motion to Dismiss for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: <u>26 January 2007</u>